# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FORREST JACKSON, *individually, and on behalf of others similarly situated*,<br><br>    Plaintiffs,<br><br>v.<br><br>OTR CAPITAL, LLC, and FRITZ OWENS,<br><br>    Defendants. | Civil Action File No.:<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

Named Plaintiff Forrest Jackson ("Named Plaintiff"), individually and on behalf of others similarly situated, files this Complaint against Defendants OTR Capital, LLC and Fritz Owens ("Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a collective action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. In this collective action, Named Plaintiff alleges that Defendants willfully violated the FLSA by failing to pay Named Plaintiff and other similarly situated employees 1.5 times their regular hourly rate of pay for all hours worked

over 40 per workweek.

3. The proposed class that Named Plaintiff seeks to represent, and on behalf of whom Named Plaintiff files this collective action, consists of all individuals employed by Defendants as "Business Development Representatives" at any of Defendants' locations within three years preceding the filing of this Complaint (Named Plaintiff and all persons who consent to join this action are referred to collectively as "Plaintiffs").

## THE PARTIES

4. Defendant OTR Capital, LLC ("OTR Capital" or "Defendant") is a Georgia limited liability company with its principal place of business located at 1000 Holcomb Woods Parkway, Building 300, Suite 315-A, Roswell, Georgia 30076.

5. OTR Capital may be served with process through its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia 30046.

6. Defendant Fritz Owens is the CEO and Co-Founder of Defendant OTR Capital and may be served wherever he may be found.

7. Named Plaintiff Forrest Jackson worked for Defendants as a Business Development Representative within the three years preceding the filing of this Complaint.

8. Other Business Development Representatives, who are similarly

situated to Named Plaintiff, are interested in joining this collective action.

9. For example, Kahlil Payton filed a consent form to join this action. *See* Exhibit 1.

## JURISDICTION AND VENUE

10. Under 28 U.S.C. § 1331 this Court has jurisdiction over Plaintiffs' claims because the claims raise questions of federal law.

11. Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B) venue is proper in this division because at least one defendant resides in this division and a substantial part of the events or omissions giving rise to the claims occurred in this division.

12. OTR Capital is subject to personal jurisdiction in this Court because it is a Georgia limited liability company with its principal office address located in Georgia and conducts substantial business in Georgia.

13. Defendant Fritz Owens is subject to personal jurisdiction in this Court because he is a resident of Georgia who lives in this judicial district.

## OTR CAPITAL IS COVERED BY THE FLSA

14. OTR Capital is an enterprise engaged in commerce or the production of goods for commerce.

15. OTR Capital employs two or more individuals who engage in commerce, the production of goods for commerce or who handle, sell, or work with

goods or materials that have moved in or were produced for commerce.

16. OTR Capital employs two or more individuals who regularly communicate across state lines using the interstate mail and telephone while performing their job duties.

17. OTR Capital employs two or more individuals who regularly communicate across state lines using the internet while performing their job duties.

18. OTR Capital's employees handle and use materials that have traveled through interstate commerce, such as computers, telephones, and fax machines while performing their job duties.

19. OTR Capital employs two or more individuals who process credit card transactions while performing their job duties.

20. OTR Capital's gross annual sales and business done for each of the three years preceding the filing of this Complaint exceeds $500,000.

**DEFENDANTS EMPLOY THE PLAINTIFFS**

21. OTR Capital employs the Plaintiffs within the meaning of the FLSA.

22. OTR Capital has the authority to hire and fire the Plaintiffs.

23. OTR Capital determines the employment policies applicable to Plaintiffs.

24. OTR Capital has the authority to modify the employment policies

applicable to Plaintiffs.

25. OTR Capital determines how much, and in what manner, Plaintiffs are compensated.

26. OTR Capital maintains the employment records, such as time and pay records, for Plaintiffs.

27. Defendant Fritz Owens also employs the Plaintiffs.

28. For example, Fritz Owens has the authority to hire and fire the Plaintiffs.

29. Fritz Owens determines the employment policies applicable to Plaintiffs and has the authority to modify the employment policies applicable to Plaintiffs.

30. Fritz Owens determines how much, and in what manner, Plaintiffs are compensated.

## FACTUAL ALLEGATIONS CONCERNING PLAINTIFFS' COMPENSATION AND JOB DUTIES

31. Defendant OTR Capital is a factoring company that purchases invoices from other companies at a discount and then collects on those invoices to make a profit.

32. Defendants employ the Plaintiffs as "Business Development Representatives."

33. As Business Development Representatives, Plaintiffs explain and sell Defendants' factoring services and benefits to customers, make daily calls to carriers to create new leads and follow up on potential new business, work with dispatchers, compliance agencies, insurance companies, and other industry partners to foster inbound referral sources and build networks, and manage the account set up and onboarding process for new clients, among other job duties.

34. Plaintiffs frequently work more than 40 hours per workweek.

35. For example, Named Plaintiff Forrest Jackson worked approximately 60 hours per week.

36. Defendants do not pay Plaintiffs 1.5 times their regular hourly rate for all hours worked over 40 per workweek.

37. Instead, Defendants classify Plaintiffs as exempt from the FLSA's overtime requirements and pay Plaintiffs a salary.

38. For example, Defendants paid Named Plaintiff a salary of approximately $40,000 per year.

39. In addition to their salary, Defendants pay Plaintiffs non-discretionary bonuses based on a percentage of the factoring services sold by Plaintiffs.

40. Despite classifying Plaintiffs as exempt from the FLSA's overtime requirements, Plaintiffs are non-exempt employees, entitled to 1.5 times their regular

hourly rate for all hours worked over 40 per workweek.

41. For example, Plaintiffs do not manage Defendants' business operations and do not manage a department or subdivision of Defendants' business.

42. Plaintiffs do not direct or supervise the work of two or more of Defendants' employees.

43. Plaintiffs do not have the authority to hire, fire, or discipline Defendants' employees.

44. Plaintiffs do not exercise independent judgment or discretion over how to perform their job duties.

45. Plaintiffs' primary job duties are not related to the management or general business operations of OTR Capital.

46. As non-exempt employees, Plaintiffs are entitled to receive 1.5 times their regular hourly rate for all hours worked over 40 per workweek.

47. By failing to pay Plaintiffs 1.5 times their regular hourly rate for all hours worked over 40 per workweek, Defendants violated the FLSA.

48. Defendants' violation of the FLSA is willful.

49. Defendants knew, or should have known, that Plaintiffs are non-exempt employees entitled to 1.5 times their regular hourly rate for all hours worked over 40 per workweek.

50. Defendants either consulted the FLSA and its governing regulations and intentionally misclassified Plaintiffs or failed to consult the FLSA thereby showing a reckless indifference to Plaintiffs' rights under the FLSA.

51. Accordingly, Plaintiffs are entitled to their unpaid overtime wages, an equal amount in liquidated damages, and their attorney's fees and costs of litigation.

## COUNT 1: WILLFUL FAILURE TO PAY OVERTIME WAGES

52. OTR Capital employs Plaintiffs as Business Development Representatives.

53. OTR Capital classifies Plaintiffs as exempt from the FLSA's overtime requirements and does not pay Plaintiffs 1.5 times their regular hourly rate for all hours worked over 40 per workweek.

54. Plaintiffs are non-exempt employees entitled to 1.5 times their regular hourly rate for all hours worked over 40 per workweek.

55. By failing to pay Plaintiffs 1.5 times their regular hourly rate for all hours worked over 40 per workweek, OTR Capital willfully violated the FLSA.

56. Due to OTR Capital's willful violation of the FLSA, Plaintiffs are entitled to their unpaid overtime wages, an equal amount in liquidated damages, and their attorney's fees and costs of litigation.

**DEMAND FOR JUDGMENT**

Plaintiffs respectfully request that the Court:

I. Conditionally certify this case as a collective action under 29 U.S.C. § 216(b) and approve the issuance of a notice of this lawsuit to similarly situated collective action class members informing them of their right to join this action;

II. Declare that Defendants' actions, policies, and practices violated, and continue to violate, the rights of Named Plaintiff and others similarly situated under the FLSA;

III. Declare that Defendants' violation of the FLSA is willful;

IV. Award Named Plaintiff and others similarly situated all unpaid wages for a period of three years;

V. Award Named Plaintiff and others similarly situated liquidated damages in an amount equal to their unpaid wages;

VI. Award Named Plaintiff and others similarly situated their reasonable attorneys' fees, costs, and expenses; and

VII. Award all other relief to which Named Plaintiff and others similarly situated may be entitled.

## DEMAND FOR TRIAL BY JURY

Named Plaintiff, on behalf of himself and others similarly situated, requests a trial by jury pursuant to Fed. R. Civ. P. 38.

Filed: May 14, 2021.

| | |
|---|---|
| **PARKS, CHESIN & WALBERT, P.C.**<br>75 Fourteenth Street<br>26th Floor<br>Atlanta, Georgia 30309<br>Phone: 404-873-8000<br>Fax: 404-873-8050<br><br>*Counsel for Plaintiffs* | */s/ M. Travis Foust*<br>M. Travis Foust<br>Georgia Bar No. 104996<br>tfoust@pcwlawfirm.com<br>Dustin L. Crawford<br>Georgia Bar No. 758916<br>dcrawford@pcwlawfirm.com |